Wilma **PETREY**, Appellant,

v.

Howard **PETREY**, Appellee.

No. 3530.

Court of Civil Appeals of Texas.

Waco.

May 22, 1958.

W. H. Wren, H. B. Gordon, Hamilton, for appellant.

H. W. Allen, Hamilton, George C. Kemble, Fort Worth, for appellee.

TIREY, Justice.

Appellant brought this action for divorce and for an accounting and partition of the property of the parties. The cause proceeded to trial before a jury and after some evidence was tendered, defendant announced to the court that he would not insist upon his cross-action for divorce and the court announced that he would grant a divorce to the plaintiff. Thereupon, the parties in open court agreed to waive the jury and submitted all of the matters in controversy to the court.

The parties then agreed in open court that the court should appoint a Master in Chancery to determine the market value of the community assets belonging to the plaintiff and defendant, and to determine the debts and liabilities owing by the community estate of plaintiff and defendant, and that such determination would be made by the Master as of August 31, 1957, and that such date was to be considered by the parties as the date for the determination by the Master and by the court of the property rights of the parties in connection with the division of the community estate of plaintiff and defendant.

The court appointed Honorable Andrew Campbell Master in Chancery and the Master duly filed his report, and the court, by agreement of the parties, set a hearing on the Master's report and all issues involved therein. The hearing was had on the 23rd and 24th of September 1957, and thereafter, on the 25th of October 1957, the court rendered its judgment. We quote the following recitals in the judgment:

"II.

"The court further finds and decrees that a just and right division of the estate of the parties is as follows:

"A. That the reasonable market value of Lots 10, 11 and 18, Block 12,

Linda Vista Estates in Tarrant County, Texas, is the sum of $13,100.00, and that such property should be partitioned and awarded to defendant, Howard Petrey; and the court further finds that the said property is not the business homestead of plaintiff and defendant since the same is not located in any incorporated or unincorporated city, town or village and is located in a rural area and there exists valid liens against said property of $9,000.00.

"B. That the reasonable market value of the house and lot known as Lot 1, Block 5, Argaud Heights Addition to the Town of Odessa, has a reasonable market value of $1,500.00 and that the same should be partitioned and awarded to the plaintiff, Wilma Petrey.

"C. That the reasonable market value of a certain 1955 Chevrolet automobile, now being used by the plaintiff, is the sum of $700.00, and the same should be awarded to the plaintiff, Wilma Petrey.

"D. That the plaintiff and defendant own certain household goods which are located on a ranch near Hamilton, Texas, and that the use thereof should be awarded to the plaintiff, Wilma Petrey, and that the reasonable market value thereof is the sum of $1000.00.

"E. The court further finds that there is certain personal property and assets located on the ranch near Hamilton, Texas, described as 'Ranch Assets,' which have a market value of $4800.00; and certain personal property and assets, including accounts receivable, cash on hand, machinery and equipment, and choses in action, used in the business of hauling gravel under the name of H. Petrey & Sons, which is the trade name for the defendant, which has the market value of $116,929.17.

"F. That the community estate owes accounts payable in the sum of $51,360.-

31; that the real estate and bank notes payable by the estate are the sum of $23,728.69; due employees Social Security and Withholding Tax is $3,165.-97; due truck excise tax is $3,977.67; equipment notes payable by the estate are $34,282.63; estimated Federal Income Tax for the period from January 1, 1957, to August 31, 1957, is the sum of $5,166.67; making the total liabilities the sum of $121,681.94.

"G. That the market value of the assets, excluding the house and lot in Odessa, Texas, but including the 'Ranch Assets' and the assets of H. Petrey & Sons and the real estate located in Tarrant County, Texas, over and above the liabilities is the sum of $13,147.23 and the court deems it right and just that all of said assets, except those specifically partitioned and awarded to the plaintiff, Wilma Petrey, including the real estate in Tarrant County, be awarded to the defendant, Howard Petrey, and that the defendant, Howard Petrey, pay to the plaintiff, Wilma Petrey, the sum of $6,573.62 and assume all of the liabilities and debts of the estate.

"H. That in the event it shall be finally determined that the amount of income tax due by the community estate for the period of January 1, 1957, to August 31, 1957, be less than the sum of $5166.67, that defendant, Howard Petrey, shall pay to plaintiff, Wilma Petrey, one-half of such reduced amount.

"I. That there is a claim of the community estate pending in Cause Nos. 2369 and 2370 in the Matter of the Bankruptcy of Doyle Gilbert and Doyle Gilbert Contracting Company, in the United States District Court for the Northern District of Texas at Fort Worth, and the court is unable to determine what, if anything, may be paid upon said claim by the Trustee in Bankruptcy;

"It is, therefore, the decree of the court that in the event any payment is made by the Trustee in Bankruptcy to the defendant, Howard Petrey, that one-half of such sum, if any, be paid to the plaintiff, Wilma Petrey, when the same is received.

"III.

"The court further finds that no part of plaintiff's separate property has been commingled with the community estate of plaintiff and defendant and that no part of the assets herein described constituted the separate property of the plaintiff, and that the community estate is not indebted in any sum to the separate estate of the plaintiff, Wilma Petrey.

"IV.

"The court further finds that the defendant has made a true and correct accounting to the plaintiff of all assets and liabilities of the community estate and has not concealed any assets belonging to the community estate of plaintiff and defendant.

"V.

"The court is of the opinion that it is just and right that each party herein pay her and his own attorney's fees.

"VI.

"The court further finds that a reasonable fee for the Master in Chancery is the sum of $500.00 and that the Master has incurred reasonable expenses in the sum of $100.00 and that the same should be assessed as costs herein and that it is just and right that the plaintiff pay one-half of the costs and the defendant pay one-half of the costs, and it is so ordered, for which let execution issue.

"It is therefore ordered, adjudged and decreed by the court that the division of the property and the estate of the parties be made as herein set out

and that plaintiff, Wilma Petrey, recover judgment against the defendant, Howard Petrey, in the sum of $6,573.-62, for which let execution issue."

Plaintiff duly excepted to the judgment entered and gave notice of appeal to this court and has perfected her appeal.

We think the following statement is pertinent to an understanding of this cause. Appellant brought her suit for divorce and division of the property and the cause proceeded to trial. While the testimony was being developed, appellee announced in open court that he would not insist upon his cross-action for divorce. Thereupon the court announced that he would grant a divorce to appellant.· The parties then agreed that the jury should be discharged and that all questions of fact and of law should be determined by the court. Thereafter the parties then agreed that the court should appoint a Master In Chancery to determine the market value of the assets and debts and liabilities of appellant and appellee as of August 31, 1957.

■ On the 21st of October 1957 the Master filed his report with the clerk and after due notice to all parties the court set a hearing for the 25th of October 1957 for the purpose of hearing any and all testimony of appellant and appellee on the Master's report. At this hearing both parties were permitted to tender such witnesses as they desired. As we understand the record, testimony was tendered on the 25th and 26th of October and on November 1, 1957. After the hearing on the Master's report both parties rested and the court rendered his judgment granting a divorce to appellant and made a division of the property as heretofore stated. There is no complaint to the action of the court in granting the divorce and the only proposition here before us is whether or not the court abused his discretion with reference to the division of the property. Much testimony was tendered as to the liabilities and assets of the community estate of the parties. Owing to the fact that appellee was in the business of

hauling sand and gravel, much equipment was involved, and the testimony, including many details of the conduct of his business relating to his assets and liabilities, extended over a period from as far back as 1954. Needless to say, many fact issues were tendered to the court to be resolved by the court under all of the surrounding facts and circumstances. Since this cause was tried without the aid of a jury, we are bound by the following rule: " 'The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's finding.' See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. See also cases collated under 4 Tex.Dig., Appeal and Error, ▮▮▮▮▮ See Wilson v. Teague Independent School District, Tex. Civ.App., 251 S.W.2d 263, 268 (writ. ref.).

Appellant assails the judgment of the trial court on what he designates as eight points. Points 1, 2, 3, 6, 7 and 8 in effect challenge the express findings, as well as the implied findings, in the trial court's judgment. We have very carefully considered all of the testimony tendered here and we are of the view that there is enough evidence in the record of probative force to sustain the findings of the trial court and we feel it our duty to overrule each of the foregoing points. We likewise see no merit in appellant's Point 5 and it is overruled.

▮ Point 4 is: "The uncontradicted evidence of both the plaintiff and defendant, and the statements filed by them showing upon their face that the community did not make any profit up to the time of the final accounting, it was error for the court to require the plaintiff to pay one-half of an income tax reserve account." We think the foregoing point is an accurate statement of fact as well as of law and that the appellant is entitled to relief on this point. As we understand the record, it is without dispute that when the parties agreed for the court to appoint a Master in Chancery to determine the market value of the assets and liabilities of appellee and appellant, that they expressly agreed that such value would be fixed as of August 31, 1957. We also understand that the record is without dispute that as of August 31, 1957, the community had not earned any sum that would be taxable for income for the year 1957. Since the division of the property between the parties was effective as of August 31, 1957, the appellant would not actually owe any income tax unless it accrued on the property that was awarded to her, and while all of the community property is liable for such income tax as would accrue during the year 1957, since none had accrued up until August 31, 1957, and since it appears from the record that the only income tax that could accrue would be from the profits, if any, made by the appellee in the conduct of his business, and since he was awarded all of the property that had the capacity to create income, we think it inequitable and unjust to appellant to require her to pay one-half of the community income tax, if any should accrue for the year 1957, and since the record is without dispute that appellee had withheld the sum of $5,166.67 to apply against the estimated Federal income tax for the period of time from January 1, 1957 to August 31, 1957, and since no tax had accrued during such period of time, we think appellant is entitled to recover as of the date of the judgment one-half of said sum, which is $2,583.34, in addition to the sum awarded to her, together with interest on said $2,583.34 at the rate of six per cent per annum from August 31, 1957.

Accordingly, the judgment of the trial court is reformed to the extent that, in addition to the sum of $6,573.62 awarded to her by the trial court, she is awarded the further sum of $2,583.34 with six per cent interest thereon from August 31, 1957, together with all costs of this appeal, and

the judgment, as reformed, will be in all things affirmed.

Reformed and affirmed.

HALE J., took no part in the consideration and disposition of this case.